'Mathews, J.
delivered the opinion of the Court.* In this suit the appellant, who was plain-, tiff in the Court below, claims the re-imbursement of half the Sum of g 3250 77, 011 account of money paid by him m discharge of certain CustomHouse bonds, wherein he and Duncan and Jackson were securities for M‘Master and Adams. Had this payment been made by Johnson, out of his own funds, without relation to any other circumstance, except the. impossibility of being refunded by M‘Master and Adams, the principals in the bonds, there could be no doubt of his right to recover the sum, thus advanced by him for the benefit of his co-securities, as they, on the failure of the principals to pay, were evidenly bound for *571 the payment of one half the sum secured by the bonds. But from the statement of the facts m the case, it appears, that there existed a variety of commercial transactions between Johnson and M‘Master and Adams, in which he always has been and still continues to, be their creditor to a large amount. Thus situated, they placed in his hands property and credits, to secure the payment of the sums owing to him in his separate and ini-dividual capacity ; and should ¿here beany thing more, than sufficient to satisfy these claims, collected, it was to have been applied to the discharge of said Custcm-House bonds. Between the period at which Johnson received these securities and the time when he was obliged to satisfy the judgment, obtained on the bonds in the District Court of the United States, on account of the want of property in the hands of M‘Master & Adams, he collected considerable sums on said securities, (which were principally notes due to the house of M‘Master & Adams) but not sufficiently to satisfy his own individual claims. It has not been contended that there is any thing..fraudulent in the agreement between Johnson and M‘Master & Adams, as it was not done with a view to bankruptcy ; and, therefore, he had a right to impute all the money collected to the payment of his separate and individual credits with them; and as to these sums they cannot now be taken into consideration/ Let us then see how Johnson stands in relation to the *572 notes and securities yet uncollected, at the time of issuing the executions on the judgment, obtained on the Custom-House bonds, and which, M‘Master & Adams had no property to, satisfy,
*571 East. District.
May 1815.
*572 They must be considered as a pledge qr pawn in his hands, intended to secure the payment of the debts owing to him by M‘Master and Adams, and also such sums as he should be obliged to advance for them, on account of endorsements or in any other manner. But this pledge is without privilege to the holder, against third persons, because the contract by which he possesses it, was not made in public form nor has the private agreement been duly registered in the office of a Notary Public at a time not suspicious, as required by law. Civil Code, 446. Now, as Johnson holds these securities without privilege, whatever money may be collected on them, after the period at which M‘Master and Adams became unable to pay their debts ought tobe appropriated to the discharge of them, according to their privileges, and he, being subrogated to the claim of the United States which is one of the highest privilege, as having paid it out of his own funds, will be entitled to retain the first money obtained on the securities which he; holds. But, Duncan and Jackson, or their syndics, were equally liable to the United States, for the payment of the Custom-House bonds,- with the appellant, and, therefore, thé one half of what he advanped ought to be considered as having been *573 paid for their benefit, and they should be compelled to refund it : which will give them the privilege of being reimbursed in an equal ratio with Johnson, out .of the first money arising from the securities in his hands; and the Court would have no hesitation in rendering judgment according to this view of the case, except that we find in the record that one of these securities is a note of Duncan and Jackson for 2317 dollars, which is acknowledged by the statement of facts to be good, and consequently may fairly be considered as so much money in the hands of the appellant, which must be imputed to the payment of the debt on the Custom-House bonds, and is in truth so much paid or refunded by M‘Master and Adams. This sum, deducted from S 3250 77, will leave a balance paid by Johnson, as stated in his petition of S 933 77, the one half of which the appellees ought to be compelled to refund, being paid for their benefit. According to this view of the subject, the judgment of the District Court must be reversed, not on account of any error in the principles therein laid down, but because it does not go sufficiently far in settling the dispute between the parties and because it directs the sale of the notes and securities still in the hands of the appellant, which, as urged by his counsel, we do not think the best mode of testing their value. It is, therefore, ordered, decreed and adjudged that the judgment rendered in this cause *574 in the Court below, be reversed and annulled ; and proceeding here to give such judgment as ought there to have been given, it- is farther ordered, adjudged and decreed,■ and we do hereby order, adjudge and decree, that the appellant do recover from the appellees the sum of four hundred and sixty-six dollars, eighty-éight cents, and it is further ordered and decreed that he, the appellant, shall proceed in the collection of the notes and securities still remaining in his hands, and that whatever money he may recover' over and above the sum of S 2317, which he will collect from the appellees on their note, and which he has a right to retain on account of advances made inpayment of the aforesaid Custom-House bonds, shall be imputed to the payment of the balance due from M‘Master and Adams on said bonds, being -933 dollars and 77 cents, which, after the payment and satisfaction of the judgment herein rendered, will be owing, in equal proportions to him the appellant and to the appellees, and that he shall account for k accordingly.

 Martin, J. did not join in this opinion, having been of counsel in the cause.